UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CHRISTOPHER DUFRENE** | **CIVIL ACTION NO. 07-1090-P** |
| **VERSUS** | **JUDGE HICKS** |
| **RAY HANSON** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT & RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Christopher Dufrene ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on June 25, 2007. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and he claims his civil rights were violated by prison officials. He names Ray Hanson as defendant.

Plaintiff claims that on June 13, 2007, he was placed in isolation. He claims that while in isolation, he did not have a mattress between 5:00 a.m. and 9:00 p.m. He also claims he was only allowed to wear a paper gown. He claims he was only allowed to brush his teeth in the morning. He claims he was not allowed to sanitize his cell. He claims he was only allowed a shower every other night.

Accordingly, Plaintiff seeks injunctive relief.

For the following reasons, Plaintiff's complaint should be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## LAW AND ANALYSIS

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Section 1997e requires Plaintiff to properly exhaust available administrative remedies before filing a Section 1983 suit . See Woodford v. Ngo, 126 S.Ct. 2378 (2006). Section 1997e also precludes Plaintiff from filing suit while the administrative complaint is pending. See Wendell v. Asher, 162 F.3d 887 (5th Cir. 1999) (unexhausted claim must be dismissed even though exhausted several days after suit was filed). The Fifth Circuit has applied the requirement to claims such as the use of excessive force, see Wendell, 162 F.3d at 887, and denial of medical care. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999). Available administrative remedies are deemed exhausted when the time limits for the prison's response set forth in the prison grievance procedures have expired and officials have not acted. See Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1999). Finally, prescription on the claim is tolled while the procedure is pending. See Harris, 198 F.3d at 153.

After reviewing Plaintiff's complaint, the Court finds Plaintiff has failed to properly exhaust administrative remedies. Plaintiff filed a grievance in the administrative remedy

procedure regarding the claims he raised in this complaint. However, that grievance was rejected by the administration at the first step because it contained multiple complaints.

Accordingly;

It is recommended that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this the 9th day of July 2007.

```
_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE
```